NEILS JOHNSON ET AL., APPELLANTS, v. LEROY T. PETERSEN ET AL., APPELLEES.

FILED SEPTEMBER 22, 1916. No. 18896.

1. Limitation of Actions: TRUSTS. "The statute of limitations begins to run in favor of a trustee *ex maleficio* of a constructive trust from the time of the discovery of the wrong or fraud, for the prevention of which the trust is imposed; but the statute does not begin to

run in favor of the trustee of a resuling trust until such trustee, by some act or declaration, clearly repudiates his trust." *Hanson v. Hanson*, 78 Neb. 584.

2. **Trusts: Evidence: Declarations.** In a suit to declare a trust in lands, the declarations of the ancestor through whom the defendants acquired title, without the payment of a monetary consideration, may be received in evidence against the defendants who stand in the place of the ancestor.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed, and decree entered.*

*Weaver & Giller* and *L. W. Housel,* for appellants.

*J. O. Detweiler, contra.*

MORRISSEY, C. J.

This is an appeal from a decree in equity and involves the title to two lots in the city of Omaha. Plaintiffs are the heirs of one Lena Petersen, who died in 1875. She left surviving her a husband, Soren T. Petersen, who, about two weeks after her death, received, in due course of mail, from Denmark, a draft for $500 payable to his wife. This draft represented the wife's interest in the estate of a deceased aunt. Mrs. Petersen left no children surviving her, and these plaintiffs are her sole and only heirs. Under the statute then in force the husband took no interest in the wife's personal estate. On receipt of this draft, and without the knowledge of the plaintiffs or anybody having an interest in his wife's estate, Soren T. Petersen forged the name of his deceased wife to the draft, cashed the same, and with the money thus received purchased the lots in controversy. September 25, 1876, he conveyed the lots to Maren Magrethe Thompson, and four days later Petersen and Miss Thompson were married. They lived together as husband and wife until December, 1892, when a decree of divorce was entered. The defendants in this action are the children of this union. When Mrs. Petersen filed her suit for divorce, she alleged that she was

the owner of these lots, but that Petersen had for a long time been in possession and collected the rents and profits therefrom, and that he was also possessed of about $40,-000 worth of property. The record of this divorce case is incorporated in the bill of exceptions, and it appears that the property differences of the parties were amicably arranged. Mrs. Petersen was awarded alimony in the sum of $5,000, and the decree provided that the title to these lots should be conveyed to the children; Mrs. Petersen to collect the rents during the minority of the children. In compliance with this decree, Petersen and his wife executed a deed of conveyance to the property conveying the title to these defendants.

In 1912 Petersen made what plaintiffs denominate a death-bed confession. He wrote a letter to the plaintiff, Neils Johnson, in which he acknowledged the receipt of the draft payable to the deceased wife; that he signed her name thereto, and that with the proceeds he purchased these lots. He had this letter placed in an envelope and sent to his brother in Denver to be forwarded to the plaintiff after the death of the writer, and his instructions were carried out. The receipt of the draft, its conversion, and the facts and circumstances surrounding the purchase of the property were unknown to the plaintiffs until after the receipt of this letter. The defendants, by answer, plead the statute of limitations; allege that the property was conveyed by Petersen to his second wife in consideration of marriage, and the transfer to the defendants herein by direction of the court. The court entered a decree finding the defendants were the owners of the property in controversy, and confirming title in them.

Appellants make three assignments of error. First, that the court erred in holding that the statute of limitations had run; second, that the court erred in finding that defendants were the owners of the property; third, that the findings and decree of the trial court are not supported by sufficient evidence, and are contrary to the evidence and the law. The court made no specific find-

100 Neb.—17

ings, but the general finding does not indicate that he held that the statute of limitations had run. The plaintiffs moved in due season after receipt of Petersen's letter, which was the first notice they had of the transaction.

"The statute of limitations begins to run in favor of a trustee *ex maleficio* of a constructive trust from the time of the discovery of the wrong or fraud, for the prevention of which the trust is imposed." *Hanson v. Hanson*, 78 Neb. 584.

The two remaining assignments may be considered together. Defendants undertook to show that the letter alleged to have been written by Petersen was a forgery, but the proof is so clear and convincing that it was written by Petersen that no question of its genuineness can be raised. There is also the testimony of Emma Petersen, the third wife, which corroborates the statements made in the letter, and also contradicts the testimony of the second wife, Maren Magrethe Petersen, that the property was deeded to her in consideration of marriage and for $1 in cash. Emma Petersen testifies that Maren Magrethe Petersen told her that Petersen had given her a conveyance of the property to protect himself from law suits. "She told me that his first wife had inherited some money, and that he had bought the lots with the first wife's money."

The evidence conclusively shows that the property was purchased with the proceeds of this draft, but it is argued that, Petersen having conveyed away the property, his declarations were inadmissible. This is the general rule where a party has taken title to real estate in good faith and for a valuable consideration. It is also said by the appellees that marriage is a valuable consideration, and that Petersen conveyed this property to the second wife as a consideration for her entering into the marriage relation with him, and that the title which she took cannot be impeached or overthrown by his subsequent declarations.

We are not, however, bound to accept her story and believe that the conveyance was made solely for the purpose of inducing her to enter into the marriage relation. The testimony of the third wife, heretofore quoted, shows an entirely different purpose. Then, again, the allegations of her divorce petition show that Petersen continued to collect the rents and profits and treated the property as his own, and this is at variance with her claim of absolute ownership. The court granted her a decree of divorce, awarded her $5,000 alimony, and decreed that this property be conveyed to the children; she to have its use during their minority. This decree seems to have been entered by mutual consent, and indicates that the property was then regarded as Petersen's, and not as the property of the wife. These defendants parted with no consideration. They hold title, not by virtue of purchase and payment, but because of their relationship to Petersen. He acquired title because he took the money which belonged to these plaintiffs and invested it in this property in fraud of plaintiffs' rights. The testimony is sufficient to show that the defendants hold the property in trust for plaintiffs.

The judgment of the district court is reversed and set aside, and the plaintiffs are adjudged and decreed to be the lawful and rightful owners, and the title is confirmed and quieted in them free and clear of any and all claims of defendants in and to said lots, namely, lots thirteen (13) and twenty (20), in Nelson's addition to the city of Omaha, Douglas county, Nebraska; and plaintiffs shall have and recover their costs.

JUDGMENT ACCORDINGLY.

LETTON and SEDGWICK, JJ., not sitting.